## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DAVID TOREN,

       *Plaintiff*,

    v.

THE FEDERAL REPUBLIC OF GERMANY,

       *Defendant*.

Case No. 16-cv-1885 (RJL)

## PLAINTIFF'S MOTION TO LIFT STAY AND SUPPORTING MEMORANDUM

Plaintiff David Toren moves to lift the stay imposed by the Court's July 9, 2018 Minute Order pending the outcome of two relevant appeals in the D.C. Circuit, *Philipp v. Federal Republic of Germany* (D.C. Cir. Nos. 17-7064, 17-7117) and *Simon v. Republic of Hungary* (D.C. Cir. No. 17-7146).  The D.C. Circuit has now decided both cases and squarely rejected the prudential exhaustion and *forum non conveniens* arguments that Defendant the Federal Republic of Germany asserts in its pending motion to dismiss Mr. Toren's claims.

Although the mandate has not yet issued in these appeals, Mr. Toren submits that, under the circumstances, the Court should now proceed to adjudicate Germany's motion to dismiss. Two panels of the Court of Appeals have emphatically held that there is no prudential exhaustion requirement, and the Court of Appeals has also made clear it is the *defendant's* heavy burden to displace a Holocaust victim's choice of forum in a case like this one.  Even if the Court of Appeals had come out differently, Germany's motion still would fail: Germany's motion makes no attempt to show that there is an adequate and available remedy in the German courts, yet such a showing is a threshold requirement for invoking both the prudential exhaustion and the *forum non conveniens* doctrines.

This is not a typical case, in which a lengthy stay causes the plaintiff no prejudice that an award of pre-judgment interest can't cure. Mr. Toren is a Holocaust survivor. He filed this case over two years ago. He is now 93 years old and in poor health. And as the panel in *Simon* explained, the United States has a "compelling" interest and a "moral imperative" to support the efforts of Holocaust victims to have their day in court "and to do so in their remaining lifetimes." *Simon*, Slip Op. 28-29. Any further delay presents the real risk that Mr. Toren will never have the opportunity to vindicate his rights against Germany.

Plaintiff sought Germany's consent to this motion and invited Germany to file a joint status report with the Court addressing the relevance of the two recent D.C. Circuit opinions. Germany declined that invitation and objects to the lifting of the stay.

## I.     STATUS OF THE LITIGATION

Mr. Toren filed this case on September 20, 2016 to recover damages for artwork and other property that Germany stole from his family as part of its genocidal campaign against the Jews. Germany refused to accept service of process through the normal procedures of the Hague Convention, forcing Mr. Toren to effect service via diplomatic channels on September 22, 2017, a year after filing the complaint. *See* DE # 9. Mr. Toren filed an Amended Complaint on January 26, 2018 (DE # 17), which Defendant moved to dismiss on February 8, 2018 (DE # 19). Among its arguments, Germany urged that the Court should adopt a "prudential exhaustion" requirement which would require Mr. Toren to pursue his claims in German courts first, and that his claims should be dismissed in any event under the doctrine of *forum non conveniens*. The parties have fully briefed the motion to dismiss. *See* DE ## 23, 24 (Plaintiff's opposition and Defendant's reply).

In the meantime, Mr. Toren sought to take his own deposition to preserve his testimony in the event he is unavailable to testify at trial.  Defendant refused to agree to the deposition, asserting a jurisdictional objection, thus forcing Mr. Toren to move to compel it.  On March 5, 2018, this Court ordered the deposition to proceed.  The parties completed the deposition at Mr. Toren's home in New York, on April 10, 2018.

On July 9, 2018, this Court *sua sponte* stayed this case "pending the outcome" of two appeals in the D.C. Circuit: *Simon v. Republic of Hungary* (D.C. Cir. No. 17-7146) and *Philipp v. Federal Republic of Germany* (D.C. Cir. Nos. 17-7064, 17-7117).  The Court directed the parties to file a joint status report within fourteen days of the issuance of the mandate in both cases.  The D.C. Circuit has now issued opinions in both of those cases, ruling in the plaintiffs' favor on all relevant issues.  Though the mandate has not issued in either case—and may not issue for some time—for the reasons set forth below Mr. Toren submits that it is appropriate to lift the stay and adjudicate his motion to dismiss now.

## II.   THE D.C. CIRCUIT'S OPINIONS IN *PHILIPP* AND *SIMON* SUPPORT DENIAL OF DEFENDANT'S PENDING MOTION TO DISMISS

Defendant's motion to dismiss makes three arguments: (1) that the so-called doctrine of "prudential exhaustion" required Mr. Toren to file this lawsuit in Germany; (2) that the doctrine of *forum non conveniens* requires dismissal; and (3) that the Court lacks jurisdiction under the Foreign Sovereign Immunity Act's ("FSIA") expropriation exception, 28 U.S.C. § 1605(a)(3). The D.C. Circuit issued its opinions in *Philipp* on July 10, 2018 (*see* 894 F.3d 406) and in *Simon* on December 28, 2018, copies of which are appended as Exhibits A and B.  Together with the other authorities cited in Mr. Toren's opposition (DE # 23), these new opinions require denial of Defendant's motion.

1.  *Prudential exhaustion.*  In both *Philipp* and *Simon*, the Court of Appeals held that the doctrine of prudential exhaustion has "no anchor in the FSIA" and "lacks any pedigree in domestic or international common law."  *Simon*, Slip. Op. 14; *see Philipp*, 894 F.3d 414-16. Here, Defendant argues that the Amended Complaint should be dismissed based on this doctrine, and relies at length on the district court's ruling in *Simon*.  *See* MTD 9-11.  Now that two separate D.C. Circuit panels have held that that the FSIA "leaves no room" for any arguments based on prudential exhaustion (*Philipp*, 406 F.3d at 416), Defendant's invocation of that doctrine should be rejected.

In any event, even if such a defense were available in *some* FSIA cases, Mr. Toren's opposition sets forth why it has no application in *this* case.  *See* Pl. Opp. 30-34.  Exhaustion is not required where it would be futile, and exhaustion here would be just that: as the Amended Complaint sets forth, in German courts, "general civil law causes of action . . . cannot be brought against Defendant for Nazi-era crimes."  AC ¶¶ 93, 122.  Rather, in Germany, such claims must be brought under "specific restitution and compensation regimes" that "expired decades ago." AC ¶¶ 93, 122.  Defendant does not contest those allegations, or otherwise carry its burden of showing (contrary to explicit German law) that German domestic remedies are "available, effective, and not futile."  *Sarei v. Rio Tinto, PLC*, 550 F.3d 822, 832 (9th Cir. 2008) (Alien Tort Statute case); cf. *DOE VIII v. Exxon Mobil Corp.*, 654 F.3d 11, 64 (D.C. Cir. 2011), vacated on other grounds, 527 F. App'x 7 (D.C. Cir. 2013) (adopting *Sarei*'s reasoning).  Thus, even if the Court of Appeals had come out differently on whether prudential exhaustion is an available defense in FSIA cases generally, Defendant's invocation of that defense should still be rejected here.

2.   *Forum non conveniens.*   Defendant's motion to dismiss also relies at length on the district court's ruling in *Simon* to support its argument for dismissal based on the doctrine of *forum non conveniens*.   *See* MTD 11-13.   The Court of Appeals has now reversed the district court on that issue too, holding that a plaintiff's choice of forum should prevail, unless the defendant can carry its "heavy burden" of showing that some other court is "the *strongly preferred* location for the litigation."   *Simon*, Slip Op. 16-17 (emphasis in original).   And, as the Court of Appeals made clear, that burden is a difficult one for defendants in Holocaust cases to satisfy, particularly in cases brought in the United States by United States citizens.   *See* Slip Op. 15-31.

Here, Plaintiff David Toren's choice to litigate in this Court should be respected for the same reasons as that of the *Simon* plaintiffs.   Mr. Toren is a United States citizen with "a weighty interest" in "seeking justice in [his country's] own courts."   Slip Op. 18.   By contrast, Germany "is not home to any identified plaintiff," "has not been shown to be the source of governing law," and "is not the only location of material amounts of evidence"—much of which is located in Poland or is already available in the United States in digitized form.   Slip Op. 3; s*ee* Pl. Opp. 37-39.   The United States has a "compelling" interest and a "moral imperative" to support the efforts of Holocaust victims, particularly those who are its citizens, to obtain justice and compensation "and to do so in their remaining lifetimes."   Slip. Op. 28-29 (internal quotation marks omitted).   Further, the United States' interest in providing a forum is not at "cross-purposes" with Germany's own interests, because allowing this case to proceed here "will in no way impair [Germany's] ability to use th[e] same evidence to provide reparations and remediation . . . of its own accord."   Slip Op. 27.   For all these reasons, in addition to those set

forth in Mr. Toren's opposition, the Court should reject Defendant's *forum non conveniens* arguments.

In any event, even if the Court of Appeals had not held that the district court had abused its discretion in *Simon*, this Court should still reject Germany's *forum non conveniens* argument. As set forth in Mr. Toren's opposition, a defendant invoking *forum non coveniens* must make a threshold showing that its preferred forum is available and adequate to adjudicate the plaintiff's claims; because the showing is a threshold one, it must be made before the Court even proceeds to the balancing of the public and private factors at issue in *Simon*. *See* Pl. Opp. 37-39. Here, unlike in *Simon* (*see id.* at 36 n.11), Germany has submitted no evidence or case-specific analysis whatsoever to meet its threshold burden. *See id.* at 37-39. The failure is all the more remarkable, in light of the Amended Complaint's explicit allegations that German courts are *not* available or adequate to hear Mr. Toren's claims. *See* AC ¶¶ 93, 122. For that reason, the Court should reject Germany's *forum non conveniens* arguments.

3. *Subject matter jurisdiction.* Defendant's motion to dismiss also argues that Mr. Toren has not adequately pled jurisdiction under the FSIA's expropriation exception, 28 U.S.C. § 1605(a)(3). *See* MTD 3-9. Defendant has not contested the adequacy of Mr. Toren's allegations that Defendant unlawfully expropriated Mr. Toren's family's property as part of its genocidal campaign against the Jews, nor his allegations that it liquidated that stolen property to raise cash. (These allegations were supported by documentary evidence appended to the complaint). Nor has Defendant disputed that it conducts extensive commercial activities in the United States. *See* MTD 7. Instead, Defendant's *sole* argument has been that Defendant's substantial cash and other holdings involved in commercial activities in the United States cannot plausibly be

considered "property exchanged for [the] property" (28 U.S.C. § 1605(a)(3)) expropriated from Mr. Toren's family.  *See* MTD 7-8.

On that issue, however, the Court of Appeals' 2016 ruling in *Simon* remains controlling: Germany has "offered no case or fact that demonstrates conclusively that the value of the expropriated property is not traceable to [its] present day cash and other holdings" in the United States.  *Simon v. Republic of Hungary*, 812 F.3d 127, 147 (D.C. Cir. 2016).  Accordingly, Germany has "failed to defeat the plausibility of the plaintiffs' claims."  *Id.*; *see* Pl. Opp. 14-17. Nothing in either *Philipp* or the more recent *Simon* opinion undermines that prior holding.[1]

## III. THE COURT SHOULD LIFT THE STAY AND RULE ON DEFENDANT'S MOTION TO DISMISS

On July 9, 2018, this Court stayed this case "pending the outcome of the appeals" in *Simon* and *Philipp*.  The Court directed the parties to submit a joint status report within 14 days of the issuance of the mandate in both cases.  On September 7, 2018, Defendant petitioned for rehearing en banc in *Philipp*, asking the Court to revisit its ruling on prudential exhaustion.  *See* Case No. 17-7064, Document # 1749546.  Defendant's petition has had the effect of delaying the issuance of the mandate in *Philipp*.[2]

Plaintiff respectfully submits that the Court should now rule on Defendant's pending motion to dismiss.  Between the *Philipp* and *Simon* panels, six of the ten active judges on the Court of Appeals (Tatel, Griffith, Millett, Pillard, Wilkins, and Katsas) have now had the opportunity to decide whether defendants in FSIA cases can invoke a comity-based doctrine of

---

[1] In *Philipp*, the plaintiffs had not pled that the expropriated property—a work of art known as the *Welfenschatz*—had been sold for cash; instead, all agreed that it remained in a museum in Berlin, and so, could not be involved in commercial activities in the United States.  *See Philipp*, 894 F.3d at 414. Accordingly, the Court of Appeals directed that the Federal Republic of Germany be dismissed as a defendant.  *Id.*

[2] The mandate in *Simon* would ordinarily issue on January 18, 2019, unless a petition for re-hearing is filed.  *See* Fed. R. App. P. 40(a), 41(b).

prudential exhaustion.   Not one—including the dissenting judge in *Simon*—endorsed Defendant's view that they can.  It is therefore unlikely that the Court of Appeals would reverse course on the two panels' holdings that there is no such doctrine available in FSIA cases.[3]  And, in any event, as explained above, even if the Court of Appeals did revisit its holdings on the availability of an exhaustion defense in FSIA cases generally, it would still be inappropriate to apply that requirement to dismiss *this* case because requiring such exhaustion would be futile, an argument that Germany's briefing entirely fails to address.

As noted above, the United States has recognized a "moral imperative" to provide "some measure of justice to the victims of the Holocaust, and to do so in their remaining lifetimes." *Simon*, Slip Op. at 29; *see also id.* (noting that U.S. policy towards Holocaust restitution claims is "motivated by the twin concerns of justice and urgency").  Mr. Toren is 93 years old and hopes to see this case resolved during his lifetime.  Accordingly, he respectfully requests that the Court lift the stay and rule on the pending motion to dismiss.

---

[3] Though the United States has filed an amicus brief in support of Defendant's position for rehearing in *Philipp*, that amicus brief repeats arguments that the United States had already made in the amicus brief it filed in *Simon* on June 1, 2018.  Thus, the views of the United States were available to the Court of Appeals before either panel issued its opinion.

Respectfully submitted.

/s/ Gary A. Orseck

Gary A. Orseck (DC Bar No. 433788)
Ariel N. Lavinbuk (DC Bar No. 982195)
D. Hunter Smith (DC Bar No. 1035055)
ROBBINS, RUSSELL, ENGLERT, ORSECK,
UNTEREINER & SAUBER LLP
1801 K Street, N.W., Suite 411L
Washington, DC 20006
Telephone: (202) 775-4500
Facsimile: (202) 775-4510
gorseck@robbinsrussell.com

Peter J. Toren (DC Bar No. 1008840)
3028 Newark Street, N.W.
Washington, DC 20008
Telephone: (646) 623-4654
ptoren@petertoren.com

*Counsel for Plaintiff*

January 10, 2019